UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSAA INSURANCE EXCHANGE,<br><br>    Plaintiff,<br><br>    v.<br><br>BEST BUY CO., INC., et al.,<br><br>    Defendants. | Case No. 15-cv-02899-DMR<br><br>**ORDER GRANTING UNOPPOSED JOINT MOTION FOR GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 63 |

Defendants LG Electronics U.S.A., Inc. ("LG") and Best Buy Co. ("Best Buy") (collectively "Defendants") move the court for a good faith settlement determination pursuant to California Code of Civil Procedure 877.6. Plaintiff CSAA Insurance Exchange ("Plaintiff") filed no opposition. The motion is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the court grants the motion.

**I.   STATEMENT OF FACTS**

The underlying action between Plaintiff and Defendants is a subrogation action. Plaintiff, an insurance company, paid $164,426.25 to Mona Verducci, its insured, for property-related damage and associated loss of use expenses related to water damage in her home. [Joint Mot. at 1-2]. Plaintiff alleges that the water damage was caused by a leak in the LG refrigerator Verducci purchased from Best Buy. Plaintiff filed this action against LG, the manufacturer of the refrigerator, and Best Buy, the seller of the refrigerator, seeking reimbursement for the amounts it paid to Verducci.

On May 11, 2015, Plaintiff commenced this action in state court, alleging causes of action for strict products liability, negligence, and negligent failure to recall or retrofit against LG and Best Buy, and breach of implied warranty against Best Buy. [Joint Mot. at 2]. Best Buy removed the action on June 20, 2015. [Joint Mot. at 2]. The parties thereafter participated in case

management conferences and engaged in discovery. [Joint Mot. at 2]. The trial date was set for December 5, 2016. [Joint Mot. at 2].

On November 2, 2016, the parties participated in a mandatory settlement conference before the Honorable Joseph C. Spero, during which they reached a settlement on the following terms: LG agreed to pay Plaintiff $90,000.00 and Best Buy agreed to pay Plaintiff $10,000.00, for a total settlement of $100,000.00. [Joint Mot. at 2]; Thomas Decl., ¶ 3 [Ex. A to Joint Mot.]. Defendants now move for a determination of good faith settlement. [Joint Mot. at 1-10]. They contend that the settlement met the "good faith" standard set forth in *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). [Joint Mot. at 6-9].

## II.  LEGAL STANDARD

California Code of Civil Procedure sections 877 and 877.6 govern this motion.[1] These statutes govern settlements among joint tortfeasors and are aimed at two objectives: "equitable sharing of costs among the parties at fault, and . . . encouragement of settlements." *River Garden Farms, Inc. v. Superior Court*, 26 Cal. App. 3d 986, 993(1972); *see also Tech–Bilt, Inc.*, 38 Cal.3d at 494. The good faith requirement "mandates that the courts review agreements purportedly made under [the section's] aegis to insure that such settlements appropriately balance the contribution statute's dual objectives." *Tech–Bilt*, 38 Cal.3d at 494. Any party is entitled to a hearing on the issue of a good faith settlement; however, a settling party may proactively file a motion for good faith determination of the settlement. Cal. Civ. Proc. Code § 877.6(a). The application must "indicate the settling parties, and the basis, terms, and amount of the settlement." Cal. Civ. Proc. Code § 877.6(a)(2). In the absence of any opposition, the court may approve the motion without a hearing. *Id*. Finding that the settlement was made in good faith "shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable

---

[1]"Where, as here, a court sits in diversity, state substantive law applies to the state law claims." *Res-Care Inc. v. Roto-Rooter Servs. Co*., No. C 09-3856 EDL DMR, 2011 WL 3610701, at *1 (N.D. Cal. Aug. 17, 2011) (citing *In re Larry's Apartment, LLC*, 249 F.3d 832, 837 (9th Cir. 2001)). "California Code of Civil Procedure section 877 constitutes substantive law." *Res-Care Inc*, 2011 WL 3610701 at *1 (citing *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990)).

comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c).

In *Tech–Bilt*, the California Supreme Court established a set of factors to determine whether the "good faith" requirement is satisfied when reviewing a motion submitted under section 877.6:

> [T]he intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

38 Cal.3d at 499. A party opposing a determination of good faith "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id*. at 499–500.

A party asserting the absence of good faith carries the burden of proof. Cal. Civ. Proc. Code § 877.6(d). On account of this burden, "only when the good faith nature of a settlement is disputed" must the court "consider and weigh the *Tech–Bilt* factors." *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987). Otherwise, if no party objects, "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient" to establish that the settlement was reached in good faith. *Id*.; *see also Res-Care Inc*., 2011 WL 3610701, at *1–2 (collecting cases).

## III. DISCUSSION

Defendants jointly assert that the settlement meets the good faith standard when evaluated under the *Tech-Bilt* factors because (1) the settlement is within the "reasonable range" of their proportional share of liability for Plaintiff's injuries, (2) the amount of the settlement is less than what they would have to pay if they were found liable after a trial, (3) there has been no collusion among Defendants and (4) the settlement was the result of an "arms-length negotiation." [Joint Mot. at 7-9]. Defendants also provided the essential terms of the settlement pursuant to section

3

877.6(a)(2).

Since Plaintiff has not filed an opposition to the motion, the court does not need to evaluate the settlement under the *Tech-Bilt* factors. *See* Cal. Civ. Proc. Code § 877.6(d) (indicating presumption of good faith); *Res-Case Inc.*, 2011 WL 3610701 at *3. Nonetheless, in an abundance of caution, the court undertakes the analysis pursuant to *Tech–Bilt* as presented by Defendants in the unopposed joint motion.

Several of the *Tech–Bilt* factors are not at issue here. There was no evidence of collusion, fraud, or tortious conduct. Nor is there evidence that Defendants were burdened by financial conditions or insurance policy limits. Thus, the court focuses on the remaining salient *Tech–Bilt* factors, which are the amounts paid and Defendants' proportionate liability. The amounts paid must not be "grossly disproportionate to what a reasonable person, at the time of settlement, would estimate the settling defendant's liability to be." *Torres v. Union Pac. R. Co.*, 157 Cal. App. 3d 499, 509 (1984).

Here, the court finds that the total settlement of $100,000.00 ($90,000.00 from LG and $10,000.00 from Best Buy) was fair and reasonable and within the "ballpark" range set by *Tech–Bilt* for several reasons. First, the water leak occurred more than 8 years after the delivery of the LG refrigerator. This presents a significant causation hurdle for Plaintiff. Additionally, there appears to be at least a triable dispute as to whether the leak from the LG refrigerator was responsible for the extent of the water damage in Verducci's home. *See* Kovarsky Expert Report [Exhibit B] at 16. Furthermore, while some of the amounts Plaintiff paid to Verducci for mold-related damage appear to be reasonable, others seem excessive, such as the approximately $100,000.00 in construction costs on Verducci's home. Lastly, Defendant's expert opined that a reasonable settlement of Plaintiff's claim was $76,101.96, so a settlement of $100,000.00 would be within a reasonable range. [Joint Mot. at 7].

Defendants' motion for good faith settlement is therefore granted.

//

//

//

4

## IV. CONCLUSION

For the foregoing reasons, the court grants the unopposed motion for determination of good faith settlement.

**IT IS SO ORDERED.**

Dated: February 13, 2017



_____
Donna M. Ryu
United States Magistrate Judge